IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL BOATMAN, an individual,<br><br>                                     Plaintiff,<br><br>     v.<br><br>HONIG REALTY, INC. d/b/a<br>COLDWELL BANKER HONIG-BELL,<br><br>                                    Defendant. | Civil Action No. 16-cv-8397<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiff, Michael Boatman ("Plaintiff"), by and through his undersigned attorneys, complains of Defendant, Honig Realty, Inc. d/b/a Coldwell Banker Honig-Bell ("Honig-Bell"), as follows:

**NATURE OF THE ACTION**

1. This is an action arising under the copyright laws of the United States, 17 U.S.C. § 101 *et seq*., and is brought by Plaintiff against Defendant Honig-Bell for Honig-Bell's infringement of 357 registered copyrighted photographs owned by Plaintiff in violation of 17 U.S.C. § 501 *et seq*., as well as for Honig-Bell's intentional removal or alteration of "copyright management information" originally contained in such registered copyrighted photographs in violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1202(b).

**THE PARTIES**

2. Plaintiff Michael Boatman is an individual who resides at 124 Kaskaskia Ct., East Peoria, Illinois 61611. Mr. Boatman is a professional photographer.

1

3. On information and belief, Defendant Honig-Bell is a corporation organized under the laws of the State of Illinois having a place of business at 320 Waterstone Way, Suite 100, Joliet, Illinois 60431. On further information and belief, Honig-Bell is in the business of residential and commercial real estate sales and related services.

## JURISDICTION AND VENUE

4. This Court has exclusive jurisdiction over the subject matter of this case under 28 U.S.C. § 1331 because this action arises under the copyright laws of the United States.

5. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (d) and 1400(a) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district. Further, Defendant Honig-Bell has contacts in this judicial district sufficient to subject it to the personal jurisdiction of this district if this district were a separate state.

## FACTS

### I. Plaintiff's Registered Copyrighted Photographs

6. From early through mid-2015, Plaintiff took numerous photographs of each of nine real estate properties for agents of Defendant Honig-Bell (the "Photographed Properties"). Plaintiff group-registered each such photograph with the U.S. Register of Copyrights (the "Registered Photographs"). The table on the following page includes the address of each of the Photographed Properties, the date on which Plaintiff photographed each of the Photographed Properties, the number of Registered Photographs Plaintiff took of each of the Photographed Properties, the Certificate of Registration number for each set of Registered Photographs Plaintiff took of the Photographed Properties, and the effective date of registration for each set of Registered Photographs Plaintiff took of the Photographed Properties. Copies of the Certificate of Registration for each set of Registered Photographs are attached as Exhibit A hereto. Further, a

complete list of all the Registered Photographs at issue in this action is attached as Exhibit B hereto.

| Date Created by Plaintiff | Photographed Property Address | Number of Registered Works | Registration Date | Registration # |
|---|---|---|---|---|
| 5/29/15 | 207 Country Club Dr., Pekin, IL | 52 | 6/26/15 | VA0001964540 |
| 3/31/15 | 2219 Knollaire Dr., Washington, IL | 22 | 6/26/15 | VA0001964540 |
| 4/6/15 | 1008 W. Kensington Dr., Peoria, IL | 26 | 6/26/15 | VA0001964540 |
| 3/30/15 | 614 W. Ravinwoods Rd., Peoria, IL | 12 | 6/26/15 | VA0001964540 |
| 7/15/15 | 614 W. Ravinwoods Rd., Peoria, IL | 38 | 7/28/15 | VA0001964052 |
| 4/6/15 | 9712 Cherrybark Ct., Peoria, IL | 60 | 6/26/15 | VA0001964540 |
| 5/11/15 | 218 E. Surrey Lane, East Peoria, IL | 51 | 6/26/15 | VA0001964540 |
| 5/1, 5/4/2015 | 1010 NE Glen Oak Ave., Peoria, IL | 33 | 6/26/15 | VA0001964540 |
| 4/30/15 | 179 State Rte. 116, East Peoria, IL | 32 | 6/26/15 | VA0001964540 |
| 7/15/15 | 1604 School St., Washington, IL | 31 | 7/28/15 | VA0001964052 |

7. The following is a reproduction of one of the 26 Registered Photographs Plaintiff took of the Photographed Property located at 1008 West Kensington Drive, Peoria, Illinois 61614, on April 6, 2015 (the "Registered Kensington Dining Room Photograph"):



8. Because Plaintiff registered each of the Registered Photographs within three months of the date he created each such photograph, at his election, Plaintiff will be entitled to an

3

award of statutory damages and/or attorney's fees pursuant to 17 U.S.C. § 412(2) upon a determination that Defendant Honig-Bell is liable for infringement of the Registered Photographs.

## II. Plaintiff's Grant of a Limited License to the Registered Photographs to Defendant Honig-Bell

9. In connection with taking each set of Registered Photographs of the Photographed Properties and providing digital copies of the same to Defendant Honig-Bell, Plaintiff granted Defendant Honig-Bell a limited copyright license (the "Limited License"), which Limited License provides:

> Photography for locale [sic] Realestate [sic]. Photography for listing and marketing of [Photographed Property address], a house. Usage lease expires with the listing agreement termination. No usage rights are granted until full payment is made. ***Nontransferable to any 3rd party for any reason without prior written consent from the author and copyright owner Mike Boatman.*** Mike Boatman maintains full and complete ownership of images.

(Emphasis added.)

10. Plaintiff submitted invoices for the Registered Photographs to realtors Trish Yocum and Kendra Sipes, who at all relevant times were employed as real estate agents of Defendant Honig-Bell. Each such invoice included the Limited License set forth in paragraph 9 above. Copies of those invoices are attached as Exhibit C hereto.

11. In addition to invoicing his real estate clients after taking and delivering photographs of real estate properties, it was Plaintiff's custom and practice to send his clients copies of (i) Plaintiff's written "Real estate photography usage fees proposal" (the "Usage Terms") and (ii) the express language of Plaintiff's Limited License before taking and delivering photographs. Plaintiff's Usage Terms set forth Plaintiff's fee structure and include the following express "Restricted Lease Usage" provision:

**Restricted Lease Usage:**

> Photography usage rights are restricted to the marketing of the listed property. Usage lease is nontransferable to 3rd parties. Lease expires upon sale of the house or cancellation of the listing agent or broker.

(Emphasis in original.) Plaintiff provided copies of his Usage Terms and the language of his Limited License to Defendant Honig-Bell's real estate agents, Ms. Yocum and Ms. Sipes, when negotiating his services relative to the Photographed Properties. By way of example and not limitation, on April 17, 2015, Plaintiff emailed Ms. Sipes copies of his Usage Terms and the language of his Limited License. (Ex. D hereto.) In the body of that email, Plaintiff advised Ms. Sipes that "I'm also attaching my real estate usage agreement which limits the use of the photographs to the listing and marketing of this particular property so long as you have the listing contract. Once your listing contract expires or the house is sold the images can no longer be used." (*Id.*)

### III. Plaintiff's Inclusion of Copyright Management Information Within the Registered Photographs

12. As delivered to Defendant Honig-Bell, Plaintiff included the following embedded "copyright management information" as that term is defined under 17 U.S.C. § 1202(c):

| Artist: | Mike Boatman |
| --- | --- |
| | (Plaintiff's personal information redacted.) |
| Copyright: | © Mike Boatman 2015 |
| Terms of Use: | Restricced |

### IV. Defendant Honig-Bell's Unauthorized Transfer of the Registered Photographs to Third-Party Zillow, Inc.

13. Without seeking the written consent of Plaintiff, as required by the express terms of the Limited License, Defendant Honig-Bell distributed the Registered Photographs to third-party Zillow, Inc. ("Zillow") in order to advertise the Photographed Properties for sale. By way of example and not limitation, the Registered Kensington Dining Room Photograph, and the other

5

Registered Photographs Plaintiff took of the Kensington Photographed Property on April 6, 2015, are currently displayed on Zillow.com as shown in part below:



(*See, e.g.,* http://www.zillow.com/homes/for_sale/5120691_zpid/40.762156,-89.605294,40.759194,-89.610551_rect/17_zm/1_fr/?view=map (callout of the Registered Kensington Dining Room Photograph added for clarity).)

14. Also in direct contravention of the express terms of the Limited License, and also by way of example and not limitation, the Registered Kensington Dining Room Photograph, and the other Registered Photographs of the Kensington Photographed Property Defendant Honig-Bell improperly distributed to third-party Zillow, have remained published on Zillow.com long after the June 10, 2015 sale date of the Kensington Photographed Property (as indicated on the Zillow.com web page shown in paragraph 13 above). On information and belief, such publication has continued despite the termination of Defendant Honig-Bell's listing agreement with respect to the Kensington Photographed Property. Like those of the Kensington Photographed Property, numerous other of the Registered Photographs remain improperly published on Zillow.com despite the sale of the subject Photographed Property.

**V.     Defendant Honig-Bell's Unauthorized Transfer of
        Registered Photographs to Other Third-Parties**

15.     The following is a reproduction of one of the 52 Registered Photographs Plaintiff took of the Photographed Property located at 207 Country Club Drive, Pekin, Illinois 61554, on May 29, 2015 (the "Registered Country Club Exterior Photograph"):



16.     Without seeking Plaintiff's written consent, as required by the express terms of the Limited License, Defendant Honig-Bell distributed Registered Photographs, or caused Registered Photographs to be distributed, to third-parties other than Zillow, including, for example, Realtor.com, in order to advertise Photographed Properties for sale as well as for other improper purposes in violation of the Limited License.  By way of example and not limitation, the Registered Country Club Exterior Photograph Plaintiff took of the Country Club Photographed Property on May 29, 2015, is currently displayed on Realtor.com as shown in part below:

7



(*See, e.g.,* http://www.realtor.com/realestateandhomes-detail/207-Country-Club-Dr_Pekin_IL_61554_M80405-77163.)

17. Also in direct contravention of the express terms of the Limited License, and also by way of example and not limitation, the Registered Country Club Exterior Photograph has remained published on Realtor.com long after the sale date of the Country Club Photographed Property (as indicated on the Realtor.com web page shown in paragraph 16 above (see "Off Market" notice above property address)). On information and belief, such publication has continued despite the termination of Defendant Honig-Bell's listing agreement with respect to the Country Club Photographed Property. On information and belief, like the Registered Country Club Exterior Photograph, numerous other of the Registered Photographs remain improperly published on third-party websites such as Realtor.com despite the sale of the subject Photographed Property.

## VI. The Unauthorized Use of Registered Photographs Beyond the Scope of the Limited License

18. As Defendant Honig-Bell has been aware at all relevant times by virtue of Plaintiff's Limited License and Usage Terms, Plaintiff licensed the Registered Photographs to Honig-Bell only for the purposes of listing and marketing the properties, and then, only until the sale of the subject Photographed Property. (*See* Limited License, ¶ 9 above; Usage Terms, ¶ 11 above.) Notwithstanding Honig-Bell's knowledge of the limited scope of its license to the Registered Photographs, and without seeking Plaintiff's written consent, as required by the express terms of the Limited License, Honig-Bell has distributed Registered Photographs to third-parties for uses other than the pre-sale listing and marketing of Photographed Properties. By way of example and not limitation, as shown below, the Registered Country Club Exterior Photograph Plaintiff took of the Country Club Photographed Property on May 29, 2015, is currently displayed on Realtor.com as the backdrop to a "Rocket Mortgage" pop-up advertisement, despite the fact that the property is "Off Market" and, therefore, no longer being marketed:



9

19. Similarly, by way of further example and not limitation, as shown below, at least one of Plaintiff's Registered Photographs of the Photographed Property located at 1010 NE Glen Oak Ave., Peoria, Illinois 61603, which property has been sold, is currently being displayed on "Zillow Digs," an independent section of the Zillow website, which showcases groups of photographs of particular elements of home design and pairs them with advertising from vendors who sell goods depicted in the photographs or offer related services. In the example below, the relevant elements of home design are "Polished Mahogany Traditional Staircase Design Ideas."



10

**VII.     Defendant Honig-Bell's Removal of Plaintiff's Copyright Management Information**

20.     As stated in paragraph 12 above, Plaintiff included "copyright management information," as that term is defined under 17 U.S.C. § 1202(c), as embedded data within each of the Registered Photographs ("CMI").

21.     In the process of improperly distributing the Registered Photographs to third-party Zillow, Defendant Honig-Bell removed Plaintiff's CMI from such photographs in violation of 17 U.S.C. § 1202(b).

**VIII.    Defendant Honig-Bell's Improper Distribution of False
          and Altered Copyright Management Information**

22.     The examples of the Registered Country Club Exterior Photograph improperly published on Realtor.com as shown in paragraphs 16 and 18 above include the watermark "PAAR," which, on information and belief, is an acronym for the Peoria Area Association of Realtors. The PAAR watermark, which purports to constitute CMI of the Registered Country Club Exterior Photograph, was placed on the photograph without Plaintiff's knowledge, permission, or written consent. As such, the PAAR watermark constitutes CMI that has been altered "without authority of the copyright owner or the law" under 17 U.S.C. § 1202(b)(2).

23.     On information and belief, Defendant Honig-Bell distributed CMI of the Registered Country Club Exterior Photograph and other Registered Photographs knowing that such CMI had been altered without authority of Plaintiff or the law in violation of 17 U.S.C. § 1202(b)(2).

**IX.     Defendant Honig-Bell's Willful Violation of Plaintiff's Copyright Rights**

24.     In or about late July or early August 2015, Plaintiff advised Ms. Yocum, the real estate agent of Defendant Honig-Bell referred to in paragraph 10 above, of the improper publication of certain of the Registered Photographs in violation of the Limited License. At the time, Ms. Yocum acknowledged that the continued publication of Plaintiff's Registered

11

Photographs after a Photographed Property had been sold violated the terms of the Limited License as well as Plaintiff's copyrights. Notwithstanding Plaintiff's discussion with Ms. Yocum, Defendant Honig-Bell took no action to remedy the problem or mitigate harm to Plaintiff.

25. Because Defendant Honig-Bell refused to take remedial action based on Plaintiff's discussions with Ms. Yocum, on August 28, 2015, Plaintiff's intellectual property attorney sent a letter to Michael Prodehl, then president and chief executive officer of Defendant Honig-Bell, outlining in detail the infringement and CMI violations described above (the "Notice Letter"). Despite having received the Notice Letter, Defendant Honig-Bell took no action to correct the problem or mitigate harm to Plaintiff. As discussed above, the infringement and CMI violations attributable to Defendant Honig-Bell continue to this day.

### COUNT I – Copyright Infringement

26. Plaintiff hereby incorporates and realleges paragraphs 1-25 above as though fully stated herein.

27. Defendant Honig-Bell did not have permission or rights granted from Plaintiff to distribute the Registered Photographs to third-party Zillow and/or other third-parties.

28. Defendant Honig-Bell and/or its agents reproduced, distributed, and/or displayed the Registered Photographs, or caused the Registered Photographs to be reproduced, distributed, and/or displayed, without the written permission of Plaintiff, as required by the Limited License and in violation of the Copyright Act, 17 U.S.C. § 101, *et seq.*

29. Defendant Honig-Bell's acts constitute willful and deliberate infringement of Plaintiff's copyrighted Registered Photographs, which infringement has caused and is causing irreparable harm and damage to Plaintiff.

30. Plaintiff has suffered and continues to suffer financial loss as a result of Defendant Honig-Bell's conduct.

31. Plaintiff is entitled to recover from Defendant Honig-Bell the damages, including attorney's fees and costs, that Plaintiff has sustained and will sustain, and any gains, profits, and advantages obtained by Defendant Honig-Bell as a result of its acts of violation alleged above or, at Plaintiff's election, to recover statutory damages, if applicable. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained, but will be established according to proof at trial.

### COUNT II – Contributory Copyright Infringement

32. Plaintiff hereby incorporates and realleges paragraphs 1-31 above as though fully stated herein.

33. Defendant Honig-Bell intentionally induced or encouraged third-party Zillow and/or other third-parties, including but not limited to, for example, on the Zillow.com and Realtor.com websites, to reproduce, distribute, or display the Registered Photographs, even though Defendant Honig-Bell did not have any right to do so.

34. Defendant Honig-Bell knowingly took steps that were substantially certain to result in direct infringement, including distributing the Registered Photographs to at least third-parties Zillow and Realtor.com, which did not have permission or a license to reproduce or display the Registered Photographs, knowing that at least third-parties Zillow and Realtor.com would reproduce or display the Registered Photographs in violation of Plaintiff's copyrights.

35. Defendant Honig-Bell made a material contribution to the direct infringement of Plaintiff's copyrighted Registered Photographs by at least third-parties Zillow and Realtor.com.

36. Defendant Honig-Bell's acts constitute contributory copyright infringement in violation of the Copyright Act, 17 U.S.C. § 101, *et seq.*

37. Plaintiff has suffered and continues to suffer financial loss as a result of Defendant Honig-Bell's conduct.

38. Plaintiff is entitled to recover from Defendant Honig-Bell the damages, including attorney's fees and costs, that Plaintiff has sustained and will sustain, and any gains, profits, and advantages obtained by Defendant Honig-Bell as a result of its acts of violation alleged above or, at Plaintiff's election, to recover statutory damages, if applicable. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained, but will be established according to proof at trial.

**COUNT III – Violation of the Digital Millennium Copyright Act ("DMCA")**

39. Plaintiff hereby incorporates and realleges paragraphs 1-38 above as though fully stated herein.

40. The Registered Photographs Plaintiff delivered to Defendant Honig-Bell in digital format contained embedded metadata identifying the copyright owner as Mike Boatman.

41. This embedded metadata constitutes "copyright management information," as defined in 17 U.S.C. § 1202(c).

42. Upon information and belief, Defendant Honig-Bell, without the authority of Plaintiff or the law, intentionally removed and/or altered the copyright management information from the Registered Photographs in the process of improperly distributing them to third-parties Zillow, Realtor.com, and/or other third-parties, and/or distributed the Registered Photographs to third-parties Zillow, Realtor.com, and/or other third-parties knowing that the copyright management information had been removed and/or altered.

43. Defendant Honig-Bell's acts violate the DMCA, 17 U.S.C. § 1202.

44. Plaintiff has suffered and continues to suffer financial loss as a result of Defendant Honig-Bell's conduct.

45. Plaintiff is entitled to recover from Defendant Honig-Bell the damages, including attorney's fees and costs, that Plaintiff has sustained and will sustain, and any gains, profits, and advantages obtained by Defendant Honig-Bell as a result of its acts of violation alleged above or, at Plaintiff's election, to recover statutory damages, if applicable. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained, but will be established according to proof at trial.

**COUNT IV – Breach of Contract**

46. Plaintiff hereby incorporates and realleges paragraphs 1-45 above as though fully stated herein.

47. There existed a valid and enforceable contract between Plaintiff and Defendant Honig-Bell as embodied in the Limited License included in the invoices attached as Exhibit C hereto.

48. The Limited License allowed for limited use of the Registered Photographs by Defendant Honig-Bell. Defendant Honig-Bell used the Registered Photographs outside the scope of the use granted by the Limited License. In doing so, Defendant Honig-Bell breached the Limited License.

49. Further, the Limited License precluded Defendant Honig-Bell from transferring or assigning its rights to the Registered Photographs under the Limited License without the prior written consent of Plaintiff. Plaintiff did not grant Defendant Honig-Bell prior written consent to transfer, or assign its rights to, the Registered Photographs, under the Limited License.

Notwithstanding, Defendant Honig-Bell distributed the Registered Photographs to third-parties Zillow, Realtor.com, and/or other third-parties for their unauthorized publication, display, and dissemination of the Registered Photographs. In so doing, Defendant Honig-Bell breached the Limited License.

50. As a result of Defendant Honig-Bell's breach of the Limited License, Plaintiff has suffered and continues to suffer financial loss.

51. Plaintiff is entitled to compensatory damages in an amount equal to financial losses suffered by Plaintiff as a result of Defendant Honig-Bell's breach of the Limited License.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Michael Boatman respectfully asks this Court to enter judgment in Plaintiff's favor and against Defendant Honig-Bell, and against its subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with Defendant Honig-Bell, granting the following relief:

A. Permanently enjoining and restraining Defendant Honig-Bell, its officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with Defendant Honig-Bell from:

    (1) reproducing, distributing, or displaying the Registered Photographs;

    (2) contributing to or inducing any third-party to reproduce, distribute, or display the Registered Photographs; and

    (3) removing or altering copyright management information, or distributing copyright management information that falsely identifies ownership of the copyright;

B. Directing Defendant Honig-Bell to:

   (1) Turn over or destroy all copies, including all electronic copies, of the Registered Photographs;

   (2) Pay to Plaintiff all the actual damages he has suffered as a result of the acts of Defendant Honig-Bell complained of herein, together with prejudgment interest;

   (3) Account for and pay to Plaintiff all profits derived by Defendant Honig-Bell from its acts complained of herein, together with prejudgment interest;

   (4) At Plaintiff's election, pay statutory damages based upon Defendant Honig-Bell's acts of infringement and violation of the DMCA complained of herein;

   (5) At Plaintiff's election, pay an increased award for Plaintiff's statutory damages as a result of Defendant Honig-Bell's willfully infringing acts in an amount the court deems appropriate;

   (6) Pay Plaintiff's reasonable attorney's fees and costs in this action; and

  C. Awarding Plaintiff such further relief as this Court deems just and appropriate.

## Jury Demand

Plaintiff demands a trial by jury on all issues presented in this Complaint.

           Respectfully submitted,

Dated: August 26, 2016     */s/ Matthew G. McAndrews*
                Matthew G. McAndrews
                Kyle D. Wallenberg

NIRO McANDREWS, LLC
200 West Madison Street, Suite 2040
Chicago, IL 60606
(312) 755-8575
Fax: (312) 674-7481
mmcandrews@niro-mcandrews.com
kwallenberg@niro-mcandrews.com

*Attorneys for Plaintiff,*
Michael Boatman