**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MICHAEL BOATMAN, an individual,

                             Plaintiff,

        v.

HONIG REALTY, INC. d/b/a
COLDWELL BANKER HONIG-BELL,

                          Defendant.

Civil Action No. 16-cv-8397

Judge John J. Tharp, Jr.
Magistrate Judge Maria Valdez

**JURY TRIAL DEMANDED**

## SECOND AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Plaintiff, Michael Boatman ("Plaintiff"), by and through his undersigned attorneys, for his second amended complaint against Defendant, Honig Realty, Inc. d/b/a Coldwell Banker Honig-Bell ("Honig-Bell"), states as follows:

## NATURE OF THE ACTION

1.      This is an action arising under the copyright laws of the United States, 17 U.S.C. § 101 *et seq.*, and is brought by Plaintiff against Defendant Honig-Bell for Honig-Bell's infringement of 356 registered copyrighted photographs owned by Plaintiff in violation of 17 U.S.C. § 501 *et seq.*, and for Honig-Bell's intentional removal or alteration of "copyright management information" originally contained in such registered copyrighted photographs, as well as 168 additional copyrighted photographs, in violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202(b).

**THE PARTIES**

2.     Plaintiff Michael Boatman is an individual who resides at 124 Kaskaskia Ct., East Peoria, Illinois 61611.  Mr. Boatman is a professional photographer.

3.     On information and belief, Defendant Honig-Bell is a corporation organized under the laws of the State of Illinois having a place of business at 320 Waterstone Way, Suite 100, Joliet, Illinois 60431.  On further information and belief, Honig-Bell is in the business of residential and commercial real estate sales and related services.

**JURISDICTION AND VENUE**

4.     This Court has exclusive jurisdiction over the subject matter of this case under 28 U.S.C. § 1331 because this action arises under the copyright laws of the United States.

5.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (d) and 1400(a) because, as described more fully below, a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.  Further, Defendant Honig-Bell has contacts in this judicial district sufficient to subject it to the personal jurisdiction of this district if this district were a separate state.

**FACTS**

**I.     Plaintiff's Registered Copyrighted Photographs**

6.     From early through mid-2015, Plaintiff took numerous photographs of each of nine real estate properties for agents of Defendant Honig-Bell (the "Photographed Properties").  Plaintiff group-registered each such photograph with the U.S. Register of Copyrights (the "Registered Photographs").  The table on the following page includes the address of each of the Photographed Properties, the date on which Plaintiff photographed each of the Photographed Properties, the number of Registered Photographs Plaintiff took of each of the Photographed Properties, the Certificate of Registration number for each set of Registered Photographs Plaintiff

took of the Photographed Properties, and the effective date of registration for each set of Registered Photographs Plaintiff took of the Photographed Properties. Copies of the Certificate of Registration for each set of Registered Photographs are attached as Exhibit A hereto. Further, a complete list of all the Registered Photographs at issue in this action is attached as Exhibit B hereto.

| Date Created by Plaintiff | Photographed Property Address | Number of Registered Works | Registration Date | Registration # |
|---|---|---|---|---|
| 5/29/15 | 207 Country Club Dr., Pekin, IL | 52 | 6/26/15 | VA0001964540 |
| 3/31/15 | 2219 Knollaire Dr., Washington, IL | 22 | 6/26/15 | VA0001964540 |
| 4/6/15 | 1008 W. Kensington Dr., Peoria, IL | 26 | 6/26/15 | VA0001964540 |
| 3/30/15 | 614 W. Ravinwoods Rd., Peoria, IL | 12 | 6/26/15 | VA0001964540 |
| 7/15/15 | 614 W. Ravinwoods Rd., Peoria, IL | 38 | 7/28/15 | VA0001964052 |
| 4/6/15 | 9712 Cherrybark Ct., Peoria, IL | 60 | 6/26/15 | VA0001964540 |
| 5/11/15 | 218 E. Surrey Lane, East Peoria, IL | 50 | 6/26/15 | VA0001964540 |
| 5/1, 5/4/2015 | 1010 NE Glen Oak Ave., Peoria, IL | 33 | 6/26/15 | VA0001964540 |
| 4/30/15 | 179 State Rte. 116, East Peoria, IL | 32 | 6/26/15 | VA0001964540 |
| 7/15/15 | 1604 School St., Washington, IL | 31 | 7/28/15 | VA0001964052 |

7. The following is a reproduction of one of the 26 Registered Photographs Plaintiff took of the Photographed Property located at 1008 West Kensington Drive, Peoria, Illinois 61614, on April 6, 2015 (the "Registered Kensington Dining Room Photograph"):



8.      Because Plaintiff registered each of the Registered Photographs within three months of the date he created each such photograph, at his election, Plaintiff will be entitled to an award of statutory damages and/or attorney's fees pursuant to 17 U.S.C. § 412(2) upon a determination that Defendant Honig-Bell is liable for infringement of the Registered Photographs.

## II.     Plaintiff's Grant of a Limited License to the Registered Photographs to Defendant Honig-Bell

9.      In connection with taking each set of Registered Photographs of the Photographed Properties and providing digital copies of the same to Defendant Honig-Bell, Plaintiff granted Defendant Honig-Bell a limited copyright license (the "Limited License"), which Limited License provides:

> Photography for locale [sic] Realestate [sic].  Photography for listing and marketing of [Photographed Property address], a house.  Usage lease expires with the listing agreement termination.  No usage rights are granted until full payment is made. ***Nontransferable to any 3rd party for any reason without prior written consent from the author and copyright owner Mike Boatman.***  Mike Boatman maintains full and complete ownership of images.

(Emphasis added.)

10.     Plaintiff submitted invoices for the Registered Photographs to realtors Trish Yocum and Kendra Sipes, who at all relevant times were employed as real estate agents of Defendant Honig-Bell.  Each such invoice included the Limited License set forth in paragraph 9 above. Copies of those invoices are attached as Exhibit C hereto.

11.     In addition to invoicing his real estate clients after taking and delivering photographs of real estate properties, it was Plaintiff's custom and practice to send his clients copies of (i) Plaintiff's written "Real estate photography usage fees proposal" (the "Usage Terms") and (ii) the express language of Plaintiff's Limited License before taking and delivering photographs.  Plaintiff's Usage Terms set forth Plaintiff's fee structure and include the following express "Restricted Lease Usage" provision:

**Restricted Lease Usage:**

Photography usage rights are restricted to the marketing of the listed property. Usage lease is nontransferable to 3rd parties. Lease expires upon sale of the house or cancellation of the listing agent or broker.

(Emphasis in original.) Plaintiff provided copies of his Usage Terms and the language of his Limited License to Defendant Honig-Bell's real estate agents, Ms. Yocum and Ms. Sipes, when negotiating his services relative to the Photographed Properties. By way of example and not limitation, on April 17, 2015, Plaintiff emailed Ms. Sipes copies of his Usage Terms and the language of his Limited License. (Exhibit D hereto.) In the body of that email, Plaintiff advised Ms. Sipes that "I'm also attaching my real estate usage agreement which limits the use of the photographs to the listing and marketing of this particular property so long as you have the listing contract. Once your listing contract expires or the house is sold the images can no longer be used."

(*Id.*)

### III.    Plaintiff's Inclusion of Copyright Management Information Within the Registered Photographs

12.    As delivered to Defendant Honig-Bell, Plaintiff included the following embedded "copyright management information" as that term is defined under 17 U.S.C. § 1202(c):

| Artist: | **Mike Boatman** |
|---|---|
| | (Plaintiff's personal information redacted.) |
| Copyright: | © Mike Boatman 2015 |
| Terms of Use: | Restricced |

### IV.    Defendant Honig-Bell's Unauthorized Transfer of the Registered Photographs to Third-Party Zillow, Inc.

13.    Without seeking the written consent of Plaintiff, Defendant Honig-Bell distributed the Registered Photographs to third-party Zillow, Inc. ("Zillow") in order to advertise the Photographed Properties for sale. By way of example and not limitation, the Registered

Kensington Dining Room Photograph, and the other Registered Photographs Plaintiff took of the Kensington Photographed Property on April 6, 2015, are currently displayed on Zillow.com as shown in part below:



(*See, e.g.,* http://www.zillow.com/homes/for_sale/5120691_zpid/40.762156,-89.605294,40.759 194,-89.610551_rect/17_zm/1_fr/?view=map (callout of the Registered Kensington Dining Room Photograph added for clarity).)

14.     On September 5, 2017, this Court granted-in-part Defendant Honig-Bell's motion to dismiss Plaintiff's initial complaint in this action.  (Order on Motion to Dismiss, Dkt. #33.)  In dismissing Plaintiff's claim for direct infringement of his copyrights, the Court ruled that Defendant Honig-Bell's distribution and transfer of the Registered Photographs to third parties Zillow and Realtor.com was "for the stated purposes of listing and marketing the [Photographed Properties]" and, therefore, fell "within the scope of [the Limited License]."  (*Id.* at 5.)  Without waiver of any arguments Plaintiff may raise on appeal concerning the Court's dismissal of Plaintiff's originally-pled direct copyright infringement claim, as discussed more fully in the paragraphs below, for the purpose of this Second Amended Complaint, Plaintiff does *not* allege that Defendant Honig-Bell's mere act of distributing, transferring, and uploading the Registered

Photographs to third parties such as Zillow and Realtor.com, without more, constituted direct copyright infringement.

15.     In direct contravention of the express terms of the Limited License, and by way of example and not limitation, the Registered Kensington Dining Room Photograph, and the other Registered Photographs of the Kensington Photographed Property Defendant Honig-Bell distributed to third-party Zillow, have remained published on Zillow.com long after the June 10, 2015 sale date of the Kensington Photographed Property (as indicated on the Zillow.com web page shown in paragraph 13 above). On information and belief, such publication has continued despite the termination of Defendant Honig-Bell's listing agreement with respect to the Kensington Photographed Property. Like those of the Kensington Photographed Property, numerous other of the Registered Photographs remain improperly published on Zillow.com despite the sale of the subject Photographed Property. As discussed more fully in the paragraphs below, the improper publication of the Registered Photographs of the Kensington Photographed Property and numerous other of the Registered Photographs after the termination of Defendant Honig-Bell's listing agreements for the underlying properties, and for other purposes unrelated to "the stated purposes of listing and marketing the [properties]" (Order on Motion to Dismiss at 5, Dkt. #33), was the direct result of acts Defendant Honig-Bell committed in addition to merely distributing, transferring, and uploading the Registered Photographs to third parties such as Zillow and Realtor.com.

16.     On July 23, 2015, in separate conversations, Plaintiff spoke by telephone with two employees of Defendant Honig-Bell who were present at, or work out of, Defendant Honig Bell's headquarters at 320 Waterstone Way, Suite 100, Joliet, Illinois 60431, or were otherwise located in this judicial district. In the first such discussion, Defendant Honig-Bell's employee, Ms. Kim

Jesen, who Plaintiff called at phone number (815) 553-2400, and who Plaintiff understood to have been associated with Defendant Honig-Bell's marketing department, advised Plaintiff that Defendant Honig-Bell's IT department had created and maintained an online "portal" that Defendant Honig-Bell uses to upload photographs for publication on Zillow. In the second such discussion, Defendant Honig-Bell's employee, Mr. Dennis Dunn, who Plaintiff called at (773) 484-6311 and who identified himself as Defendant Honig-Bell's IT director, advised Plaintiff that Defendant Honig-Bell has a contract with Zillow that governs the terms of Defendant Honig-Bell's publication and advertisement of real estate properties (the "Zillow Listing Agreement").

17.     On information and belief, the officers, representatives, employees, or agents of Defendant Honig-Bell responsible for negotiating and executing the Zillow Listing Agreement work out of Defendant Honig-Bell's headquarters at 320 Waterstone Way, Suite 100, Joliet, Illinois 60431, in this judicial district.

18.     On further information and belief, the online "portal" that Defendant Honig-Bell uses to upload photographs for publication on Zillow, including Defendant Honig-Bell's upload of Plaintiff's Registered Photographs, resides, and/or is maintained and serviced, at Defendant Honig-Bell's headquarters at 320 Waterstone Way, Suite 100, Joliet, Illinois 60431, in this judicial district.

19.     On further information and belief, the officers, representatives, employees, or agents of Defendant Honig-Bell responsible for causing, authorizing, or allowing Defendant Honig-Bell's unauthorized and infringing transfer of Plaintiff's Registered Photographs to Zillow work out of Defendant Honig-Bell's headquarters at 320 Waterstone Way, Suite 100, Joliet, Illinois 60431, in this judicial district, and committed acts resulting in infringement of Plaintiff's Registered Photographs in this judicial district.

20.     In order to upload photographs for publication on Zillow, a party must agree to be bound by Zillow's terms of use (the "Zillow Terms of Use"), which Zillow Terms of Use provide:

> For materials you post or otherwise provide to Zillow Group in connection with the Services (your "Submission"), you **grant Zillow Group an irrevocable, perpetual, royalty-free worldwide license to (a) use, copy, distribute, transmit, publicly display, publicly perform, reproduce, edit, modify, prepare derivative works of or incorporate into other works, and translate your Submission, in connection with the Services or in any other media, and (b) sublicense these rights, to the maximum extent permitted by applicable law**. Zillow Group will not pay you for your Submission or to exercise any rights related to your Submission set forth in the preceding sentence. Zillow Group may remove or modify your Submission at any time. **For each Submission, you agree to provide accurate and complete information and represent that you have all rights necessary to grant Zillow Group the rights in this paragraph, that Zillow Group's use of the Submission will not infringe any third party rights and that the Submission complies with Section 2(a) above**. You are solely responsible for all Submissions made through your user account(s) on the Services or that you otherwise make available through the Services.

(Zillow Terms of Use, ¶ 3 (emphasis added); *see also id.* at ¶ 2(a) (agreeing not to use Zillow's services in any way that, *inter alia*, is "unlawful").)  A copy of the Zillow Terms of Use is attached as Exhibit E hereto.

21.     On information and belief, Defendant Honig-Bell agreed to be bound by the Zillow Terms of Use.

22.     The rights Defendant Honig-Bell unlawfully granted to Zillow pursuant to the Zillow Terms of Use exceed the scope of the Limited License, which permitted Defendant Honig-Bell to use the Registered Photographs only for the purposes of listing and marketing the properties, and then, only until the sale of the subject Photographed Properties.  (*See* Limited License, ¶ 9 above; Usage Terms, ¶ 11 above.)

23.     Accordingly, without seeking Plaintiff's written consent, as required by the express terms of the Limited License, Defendant Honig-Bell uploaded the Registered Photographs to Zillow knowing that it unlawfully granted rights in the Registered Photographs to Zillow under

the Zillow Terms of Use that far exceeded the scope of the Limited License – namely, as pertains to Plaintiff's claim for direct infringement of his copyrights and as discussed more fully in the paragraphs below, (i) the right to publish the Registered Photographs even after termination of the listing agreements for the subject properties (which Zillow did), (ii) the right to publish the Registered Photographs for purposes other than the listing and marketing of the subject properties, such as, for example, for use in third party advertising totally unrelated to the listing and marketing of the subject properties (which use Zillow made of Registered Photographs on its "Zillow Digs" advertising pages), and (iii) the unfettered right to an "irrevocable, perpetual, royalty-free worldwide license to (a) use, copy, distribute, transmit, publicly display, publicly perform, reproduce, edit, modify, prepare derivative works of or incorporate into other works, and translate [the Registered Photographs], in connection with the Services or in any other media, and (b) sublicense these rights, to the maximum extent permitted by applicable law." (Ex. E, Zillow Terms of Use, ¶ 3.)

**V.    Defendant Honig-Bell's Unauthorized Transfer of
Registered Photographs to Other Third-Parties**

24.    The following is a reproduction of one of the 52 Registered Photographs Plaintiff took of the Photographed Property located at 207 Country Club Drive, Pekin, Illinois 61554, on May 29, 2015 (the "Registered Country Club Exterior Photograph"):



25.     Without seeking Plaintiff's written consent, Defendant Honig-Bell distributed Registered Photographs, or caused Registered Photographs to be distributed, to third-parties other than Zillow, including, for example, Realtor.com, in order to advertise Photographed Properties for sale as well as for other improper purposes in violation of the Limited License.  By way of example and not limitation, the Registered Country Club Exterior Photograph Plaintiff took of the Country Club Photographed Property on May 29, 2015, is currently displayed on Realtor.com as shown in part on the following page:



(*See, e.g.,* http://www.realtor.com/realestateandhomes-detail/207-Country-Club-Dr_Pekin_IL_61554_M80405-77163.)

26.     As stated in paragraphs 14, 15, and 23 above, Plaintiff does not allege that Defendant Honig-Bell's mere act of distributing, transferring, and uploading the Registered Photographs to third parties such as Zillow and Realtor.com, without more, constituted direct copyright infringement.

27.     In direct contravention of the express terms of the Limited License, and by way of example and not limitation, the Registered Country Club Exterior Photograph has remained published on Realtor.com long after the sale date of the Country Club Photographed Property (as indicated on the Realtor.com web page shown in paragraph 25 above (see "Off Market" notice above property address)).  On information and belief, such publication has continued despite the termination of Defendant Honig-Bell's listing agreement with respect to the Country Club

Photographed Property. On information and belief, like the Registered Country Club Exterior Photograph, numerous other of the Registered Photographs remain improperly published on third-party websites such as Realtor.com despite the sale of the subject Photographed Property. As discussed more fully in the paragraphs above and below, the improper publication of the Registered Country Club Exterior Photograph and numerous other of the Registered Photographs after the termination of Defendant Honig-Bell's listing agreements for the underlying properties, and for other purposes unrelated to "the stated purposes of listing and marketing the [properties]" (Order on Motion to Dismiss at 5, Dkt. #33), was the direct result of acts Defendant Honig-Bell committed in addition to merely distributing, transferring, and uploading the Registered Photographs to third parties such as Zillow and Realtor.com.

28. Indeed, on information and belief, 231 of the Registered Photographs were improperly republished on Realtor.com. Screenshots of these Registered Photographs are attached as Exhibit F hereto.

29. On further information and belief, Defendant Honig-Bell is a party to one or more contracts with third-parties such as, for example, Realtor.com, which one or more contracts governs the terms of Defendant Honig-Bell's publication and advertisement of real estate properties on such third-parties' websites ("Third-Party Listing Agreements").

30. On further information and belief, Defendant Honig-Bell uses an online "portal" – similar to, or the same as, the portal used to upload photographs for publication on Zillow – to upload photographs for publication on third-party websites such as, for example, Realtor.com.

31. On information and belief, the officers, representatives, employees, or agents of Defendant Honig-Bell responsible for negotiating and executing the Third-Party Listing

Agreements work out of Defendant Honig-Bell's headquarters at 320 Waterstone Way, Suite 100, Joliet, Illinois 60431, in this judicial district.

32.     On further information and belief, the online "portal" that Defendant Honig-Bell uses to upload photographs for publication on third-party websites such as, for example, Realtor.com, including Defendant Honig-Bell's upload of Plaintiff's Registered Photographs, resides, and/or is maintained and serviced, at Defendant Honig-Bell's headquarters at 320 Waterstone Way, Suite 100, Joliet, Illinois 60431, in this judicial district.

33.     On further information and belief, the officers, representatives, employees, or agents of Defendant Honig-Bell responsible for causing, authorizing, or allowing Defendant Honig-Bell's unauthorized and infringing transfer of Plaintiff's Registered Photographs to third-parties such as, for example, Realtor.com, work out of Defendant Honig-Bell's headquarters at 320 Waterstone Way, Suite 100, Joliet, Illinois 60431, in this judicial district, and committed acts resulting in infringement of Plaintiff's Registered Photographs in this judicial district.

34.     In order to upload photographs for publication on third-party websites such as, for example, Realtor.com, a party must agree to accept and comply with the terms, conditions, and notices stated in Move, Inc.'s (which operates Realtor.com) terms of use (the "Move Terms of Use"), which Move Terms of Use provide:

> To the extent that you post, upload, input, submit or otherwise transmit (collectively, "Transmit" or "Transmitting" as appropriate) Content on or through the Move Network, you agree to provide true, accurate and complete information and to refrain from impersonating or falsely representing your affiliation with any person or entity. You are entirely responsible for all Content that you provide or otherwise make available via the Move Network. ***You also warrant and represent that you own or otherwise control all of the rights to such Content including, without limitation, all the rights necessary for you to Transmit such Content, and to transfer your or others' interests in such Content to Move as provided below***.
> \*\*\*
> ***By Transmitting Content to the Move Network, you grant, and you represent and warrant that you have the right to grant, to Move an irrevocable, perpetual, non-***

> ***exclusive, fully paid, worldwide license to use, copy, perform, display, and distribute the Content and to prepare derivative works of, or incorporate into other works, the Content, and to grant and authorize sublicenses (through multiple tiers) of the foregoing***. Furthermore, by posting Content to any public area of the Move Network, you grant Move all rights necessary to prohibit any subsequent aggregation, display, copying, duplication, reproduction, or exploitation of the Content on the Move Network by any party for any purpose.

(Move Terms of Use, "Content You Provide" (emphasis added); *see also id.* (promising not to use the "Move Network" to transmit any Content "that you do not have a right to post and transmit under any law or under contractual relationships" or "such that such posting, uploading, or transmission constitutes the infringement of any . . . copyright or other proprietary rights of any party").)  A copy of the Move Terms of Use is attached as Exhibit G hereto.

35.  The Move Network homepages include, but are not limited to, pages currently located at http://www.move.com/, https://www.realtor.com/, http://newhomes.move.com/, http://www.moving.com/, http://www.relocation.com/, http://www.doorsteps.com/, http://www.topproducer.com/, http://www.tigerlead.com/, http://www.fivestreet.com/, http://www.listhub.com and http://www.homefair.com/.  (*See id.*)

36.  On information and belief, Defendant Honig-Bell agreed to be bound by the Move Terms of Use.

37.  The rights Defendant Honig-Bell unlawfully granted to third-party websites such as Realtor.com pursuant to the Move Terms of Use exceed the Limited License, which permitted Defendant Honig-Bell to use the Registered Photographs only for the purposes of listing and marketing the properties, and then, only until the sale of the subject Photographed Properties.  (*See* Limited License, ¶ 9 above; Usage Terms, ¶ 11 above.)

38.  Accordingly, without seeking Plaintiff's written consent, as required by the express terms of the Limited License, Defendant Honig-Bell uploaded the Registered Photographs to

Realtor.com knowing that it unlawfully granted rights in the Registered Photographs to Realtor.com under the Move Terms of Use that far exceeded the scope of the Limited License – namely, as pertains to Plaintiff's claim for direct infringement of his copyrights and as discussed more fully in the paragraphs below, (i) the right to publish the Registered Photographs even after termination of the listing agreements for the subject properties (which Realtor.com did with, by way of one example but not limitation, the Registered Country Club Exterior Photograph), (ii) the right to publish the Registered Photographs for purposes other than the listing and marketing of the subject properties, such as, for example, for use in third party advertising totally unrelated to the listing and marketing of the subject properties, and (iii) the unfettered right to "an irrevocable, perpetual, non-exclusive, fully paid, worldwide license to use, copy, perform, display, and distribute the Content and to prepare derivative works of, or incorporate into other works, the Content, and to grant and authorize sublicenses (through multiple tiers) of the foregoing." (Ex. G, Move Terms of Use, "Content You Provide".)

39.     On information and belief, in order to publish a photograph on Realtor.com, a party must first agree to the terms and conditions of the Peoria Area Association of Realtors' ("PAAR") Multiple Listing Service ("MLS") Rules and Regulations (the "PAAR MLS Rules and Regulations") before uploading the photographs to PAAR's online "portal," which photographs are then published on Realtor.com.

40.     On further information and belief, Defendant Honig-Bell agreed to the PAAR MLS Rules and Regulations, which PAAR MLS Rules and Regulations provide:

> By the act of submitting any property listing content to the MLS, ***the participant represents that he has been authorized to grant and also thereby does grant authority for the MLS to include the property listing content in its copyrighted MLS compilation and also in any statistical report on comparables***. Listing content includes, but is not limited to, photographs, images, graphics, audio and

video recordings, virtual tours, drawings, descriptions, remarks, narratives, pricing information, and other details or information related to the listed property.

(PAAR MLS Rules and Regulations, Section 13 (emphasis added); *see also id.* at Section 13.1 ("All right, title, and interest in each copy of every multiple listing compilation created and copyrighted by the Peoria Area Association of REALTORS® (PAAR) and in the copyrights therein, shall at all times remain vested in the Peoria Area Association of REALTORS®.").) A copy of the PAAR MLS Rules and Regulations is attached as Exhibit H hereto.

41.     The rights Defendant Honig-Bell unlawfully granted to PAAR pursuant to the PAAR MLS Rules and Regulations exceed the scope of the Limited License, which permitted Defendant Honig-Bell to use the Registered Photographs only for the purposes of listing and marketing the properties, and then, only until the sale of the subject Photographed Properties. (*See* Limited License, ¶ 9 above; Usage Terms, ¶ 11 above.)

42.     Accordingly, without seeking Plaintiff's written consent, as required by the express terms of the Limited License, Defendant Honig-Bell uploaded the Registered Photographs to PAAR knowing that it unlawfully granted rights in the Registered Photographs to PAAR under the PAAR MLS Rules and Regulations that exceeded the scope of the Limited License.

## VI.     The Unauthorized Use of Registered Photographs Beyond the Scope of the Limited License

43.     As Defendant Honig-Bell has been aware at all relevant times by virtue of Plaintiff's Limited License and Usage Terms, and, more recently, by virtue of Plaintiff's First Amended Complaint as well, Plaintiff licensed the Registered Photographs to Honig-Bell only for the purposes of listing and marketing the properties, and then, only until the sale of the subject Photographed Property. (*See* Limited License, ¶ 9 above; Usage Terms, ¶ 11 above.) Notwithstanding Honig-Bell's knowledge of the limited scope of its license to the Registered Photographs, and without seeking Plaintiff's written consent, as required by the express terms of

the Limited License, Honig-Bell has distributed Registered Photographs to third-parties for uses other than the pre-sale listing and marketing of Photographed Properties. By way of example and not limitation, as shown below, the Registered Country Club Exterior Photograph Plaintiff took of the Country Club Photographed Property on May 29, 2015, was previously displayed on Realtor.com as the backdrop to a "Rocket Mortgage" pop-up advertisement, despite the fact that the property was "Off Market" and, therefore, no longer being marketed:



44.        Similarly, by way of further example and not limitation, as shown on the following page, at least one of Plaintiff's Registered Photographs of the Photographed Property located at 1010 NE Glen Oak Ave., Peoria, Illinois 61603, which property has been sold, is currently being displayed on "Zillow Digs," an independent section of the Zillow website, which showcases groups of photographs of particular elements of home design and pairs them with advertising from vendors who sell goods depicted in the photographs or offer related services. In the example on the following page, the relevant elements of home design are "Polished Mahogany Traditional Staircase Design Ideas."



VII.   **Defendant Honig-Bell's Removal of Plaintiff's Copyright Management Information from the Registered Photographs**

45.    As stated in paragraph 12 above, Plaintiff included "copyright management information," as that term is defined under 17 U.S.C. § 1202(c), as embedded data within each of the Registered Photographs ("CMI").

46.    In the process of improperly distributing the Registered Photographs to third-party Zillow, Defendant Honig-Bell removed Plaintiff's CMI from such photographs in violation of 17 U.S.C. § 1202(b).

- 19 -

**VIII. Defendant Honig-Bell's Improper Distribution of False and Altered Copyright Management Information from the Registered Photographs**

47.    The examples of the Registered Country Club Exterior Photograph improperly published on Realtor.com as shown in paragraphs 25 and 43 above include the watermark "PAAR," which, on information and belief, is an acronym for the Peoria Area Association of Realtors.  The PAAR watermark, which purports to constitute CMI of the Registered Country Club Exterior Photograph, was placed on the photograph without Plaintiff's knowledge, permission, or written consent.  As such, the PAAR watermark constitutes CMI that has been altered "without authority of the copyright owner or the law" under 17 U.S.C. § 1202(b)(2).

48.    On information and belief, Defendant Honig-Bell distributed CMI of several Registered Photographs to third-party Zillow, knowing that such CMI had been altered without authority of Plaintiff or the law in violation of 17 U.S.C. § 1202(b)(2).

49.    On information and belief, based upon Defendant Honig-Bell's agreement to be bound by the terms and conditions of the PAAR MLS Rules and Regulations set forth in paragraphs 39 and 40 above, Defendant Honig-Bell knew, or had reasonable grounds to know, that prior to publication on third-party Realtor.com, Plaintiff's CMI of the Registered Country Club Exterior Photograph and other Registered Photographs would be intentionally removed from such photographs and altered without authority of Plaintiff or the law in violation of 17 U.S.C. § 1202(b)(2).

**IX.    Defendant Honig-Bell's Willful Violation of Plaintiff's Copyright Rights**

50.    In or about late July or early August 2015, Plaintiff advised Ms. Yocum, the real estate agent of Defendant Honig-Bell referred to in paragraph 10 above, of the improper publication of certain of the Registered Photographs in violation of the Limited License.  At the time, Ms. Yocum acknowledged that the continued publication of Plaintiff's Registered

Photographs after a Photographed Property had been sold violated the terms of the Limited License as well as Plaintiff's copyrights. Notwithstanding Plaintiff's discussion with Ms. Yocum, Defendant Honig-Bell took no action to remedy the problem or mitigate harm to Plaintiff.

51. Because Defendant Honig-Bell refused to take remedial action based on Plaintiff's discussions with Ms. Yocum, on August 28, 2015, Plaintiff's intellectual property attorney sent a letter to Michael Prodehl, then president and chief executive officer of Defendant Honig-Bell, outlining in detail the infringement and CMI violations described above (the "Notice Letter"). Despite having received the Notice Letter, Defendant Honig-Bell took no action to correct the problem or mitigate harm to Plaintiff. As discussed above, the infringement and CMI violations attributable to Defendant Honig-Bell continue to this day.

## X.     Plaintiff's Additional Photographed Properties

52. In addition to the Registered Photographs, Plaintiff took numerous photographs in early 2015 of each of six real estate properties for agents of Defendant Honig-Bell (the "Additional Photographed Properties"). The table below includes the address of each of the Additional Photographed Properties, the date on which Plaintiff photographed each of the Additional Photographed Properties, and the number of photographs Plaintiff took of each of the Additional Photographed Properties (collectively, the "Additional Photographs"). Screenshots of the 168 Additional Photographs at issue in this action are attached as Exhibit I hereto.

| Date Created by Plaintiff | Photographed Property Address | Number of Works |
|---|---|---|
| 3/5/2015 | 130 W. Lyndale Rd., Peoria, IL | 33 |
| 3/20/2015 | 10843 N. Glenfield Dr., Dunlap, IL | 32 |
| 3/20/2015 | 1008 W. Kensington Dr., Peoria, IL | 19 |
| 1/23/2015 | 2101 W. Leyna Dr., Dunlap, IL | 31 |
| 2/3/2015 | 20 Emerald Ct., Morton, IL | 31 |
| 3/20/2015 | 5110 N. Sunnyside Ct., Peoria, IL | 22 |

53.     In connection with taking each set of Additional Photographs of the Additional Photographed Properties and providing digital copies of the same to Defendant Honig-Bell, Plaintiff granted Defendant Honig-Bell the Limited License set forth in paragraph 9 above. Plaintiff submitted invoices for the Additional Photographs to realtor Trish Yocum, who at all relevant times was employed as a real estate agent of Defendant Honig-Bell. Each such invoice included the Limited License. Plaintiff also provided copies of his Usage Terms and the language of his Limited License to Defendant Honig-Bell's real estate agent, Ms. Yocum, when negotiating his services relative to the Additional Photographed Properties, as set forth in paragraph 11 above.

54.     As stated in paragraph 12 above, Plaintiff included CMI, as that term is defined under 17 U.S.C. § 1202(c), as embedded data within each of the Additional Photographs.

55.     In early 2015, without seeking the written consent of Plaintiff, as required by the express terms of the Limited License, Defendant Honig-Bell distributed the Additional Photographs to several third-party websites, including, for example, Zillow, Realtor.com, https://www.trulia.com/, https://www.309realestatevalue.com/, http://www.homefinder.com/, and http://hotpad.com/, in order to advertise the Additional Photographed Properties for sale.

56.     On information and belief, in early 2015, Defendant Honig-Bell agreed to the terms and conditions of the PAAR MLS Rules and Regulations set forth in paragraphs 39 and 40 above. Accordingly, in the process of improperly distributing the Additional Photographs to PAAR, Defendant Honig-Bell knew, or had reasonable grounds to know, that Plaintiff's CMI would be intentionally removed from such photographs and altered in violation of 17 U.S.C. § 1202(b). Indeed, the PAAR watermark, which purports to constitute CMI of the Additional Photographs, was placed on the Additional Photographs and published on Realtor.com without Plaintiff's knowledge, permission, or written consent.

- 22 -

57. On information and belief, *after* Plaintiff filed his First Amended Complaint for Copyright Infringement on October 14, 2016 (Dkt. #22), the Additional Photographs embedded with the PAAR watermark were improperly republished on Realtor.com. (*See* Exhibit I.)

58. On further information and belief, numerous of the Additional Photographs remain improperly published on Realtor.com despite the sale of the subject Additional Photographed Property.

## COUNT I – Copyright Infringement

59. Plaintiff hereby incorporates and realleges paragraphs 1-58 above as though fully stated herein.

60. Defendant Honig-Bell did not have permission or rights granted from Plaintiff to distribute the Registered Photographs to third-parties Zillow, Realtor.com, and/or other third-parties for any purpose that exceeded the scope of the Limited License.

61. Defendant Honig-Bell and/or its agents reproduced, distributed, and/or displayed the Registered Photographs, or caused the Registered Photographs to be reproduced, distributed, and/or displayed in a manner that exceeded the scope of the Limited License, without the written permission of Plaintiff, as required by the Limited License and in violation of the Copyright Act, 17 U.S.C. § 101, *et seq.* By way of example but not limitation, Defendant Honig-Bell exceeded the scope of the Limited License with respect to the Registered Photographs by, at least, (i) "grant[ing] Zillow Group an irrevocable, perpetual, royalty-free worldwide license to (a) use, copy, distribute, transmit, publicly display, publicly perform, reproduce, edit, modify, prepare derivative works of or incorporate into other works, and translate [Defendant Honig-Bell's] Submission, in connection with the Services or in any other media, and (b) sublicense these rights, to the maximum extent permitted by applicable law" (Zillow Terms of Use, ¶ 3, Ex. E); (ii)

"grant[ing], and . . . represent[ing] and warrant[ing] that [Defendant Honig-Bell] ha[s/had] the right to grant, to Move an irrevocable, perpetual, non-exclusive, fully paid, worldwide license to use, copy, perform, display, and distribute the Content and to prepare derivative works of, or incorporate into other works, the Content, and to grant and authorize sublicenses (through multiple tiers) of the foregoing" (Move Terms of Use, "Content You Provide," Ex. G); and (iii) pursuant to the improper rights granted to third-parties such as Zillow and Move as described above, distributing Registered Photographs to third-parties for uses other than the pre-sale listing and marketing of Photographed Properties, including by way of example and not limitation, distributing Registered Photographs that have been used by third-parties in pop-up advertisements, despite the fact that the subject property is "Off Market" and, therefore, no longer being marketed by Defendant Honig-Bell and/or a third-party, and distributing Registered Photographs that have been published by third-parties after the listing agreement for the subject property has been terminated. Each of the aforementioned acts, which exceed the scope of the Limited License, constitutes direct copyright infringement. *See, e.g., Boatman v. Honig Realty, Inc.*, No. 16-cv-08397, 2017 WL 3872479, at *2 (N.D. Ill. Sept. 5, 2017) ("An entity that holds a copyright license, such as Honig, can only commit copyright infringement (rather than breach of contract) if it exceeds the scope of the license.") (parenthetical in original).

62. Defendant Honig-Bell's acts constitute willful and deliberate infringement of Plaintiff's copyrighted Registered Photographs, which infringement has caused and is causing irreparable harm and damage to Plaintiff.

63. Plaintiff has suffered and continues to suffer financial loss as a result of Defendant Honig-Bell's conduct.

64.     Plaintiff is entitled to recover from Defendant Honig-Bell the damages, including attorney's fees and costs, that Plaintiff has sustained and will sustain, and any gains, profits, and advantages obtained by Defendant Honig-Bell as a result of its acts of violation alleged above or, at Plaintiff's election, to recover statutory damages, if applicable.  At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained, but will be established according to proof at trial.

**COUNT II – Contributory Copyright Infringement**

65.     Plaintiff hereby incorporates and realleges paragraphs 1-64 above as though fully stated herein.

66.     Defendant Honig-Bell intentionally induced or encouraged third-party Zillow and/or other third-parties, including but not limited to, for example, on the Zillow.com and Realtor.com websites, to reproduce, distribute, or display the Registered Photographs beyond the scope of the Limited License, even though Defendant Honig-Bell did not have any right to do so.

67.     Defendant Honig-Bell knowingly took steps that were substantially certain to result in direct infringement, including distributing the Registered Photographs to at least third-parties Zillow and Realtor.com, which did not have permission or a license to reproduce or display the Registered Photographs, knowing that at least third-parties Zillow and Realtor.com would reproduce or display the Registered Photographs beyond the scope of the Limited License and in violation of Plaintiff's copyrights.

68.     Defendant Honig-Bell made a material contribution to the direct infringement of Plaintiff's copyrighted Registered Photographs by at least third-parties Zillow and Realtor.com.

69.     Defendant Honig-Bell's acts constitute contributory copyright infringement in violation of the Copyright Act, 17 U.S.C. § 101, *et seq.*

70.     Plaintiff has suffered and continues to suffer financial loss as a result of Defendant Honig-Bell's conduct.

71.     Plaintiff is entitled to recover from Defendant Honig-Bell the damages, including attorney's fees and costs, that Plaintiff has sustained and will sustain, and any gains, profits, and advantages obtained by Defendant Honig-Bell as a result of its acts of violation alleged above or, at Plaintiff's election, to recover statutory damages, if applicable.  At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained, but will be established according to proof at trial.

**COUNT III – Violation of the Digital Millennium Copyright Act**
**as to Plaintiff's Registered Photographs and Additional Photographs**

72.     Plaintiff hereby incorporates and realleges paragraphs 1-71 above as though fully stated herein.

73.     The Registered Photographs and Additional Photographs Plaintiff delivered to Defendant Honig-Bell in digital format contained embedded metadata identifying the copyright owner as Mike Boatman.

74.     This embedded metadata constitutes "copyright management information," as defined in 17 U.S.C. § 1202(c).

75.     Upon information and belief, Defendant Honig-Bell, without the authority of Plaintiff or the law, intentionally removed and/or altered, or caused to be removed and/or altered, the copyright management information from the Registered Photographs in the process of improperly distributing them to third-party Zillow and/or other third-parties, and/or distributed the Registered Photographs to third-party Zillow and/or other third-parties knowing that the copyright management information had been, or would be, removed and/or altered.

76.     Upon information and belief, based upon Defendant Honig-Bell's agreement to be bound by the terms and conditions of the PAAR MLS Rules and Regulations set forth in paragraphs 39 and 40 above, and without the authority of Plaintiff or the law, Defendant Honig-Bell intentionally removed and/or altered, or caused to be removed and/or altered, the copyright management information from the Additional Photographs and several Registered Photographs in the process of improperly distributing them to third-party Realtor.com and/or other third-parties, and/or distributed the Additional Photographs and several Registered Photographs to third-party Realtor.com and/or other third-parties knowing that the copyright management information had been, or would be, removed and/or altered prior to publication on third-party Realtor.com and/or other third-parties.

77.     Defendant Honig-Bell's acts violate the DMCA, 17 U.S.C. § 1202.

78.     Plaintiff has suffered and continues to suffer financial loss as a result of Defendant Honig-Bell's conduct.

79.     Plaintiff is entitled to recover from Defendant Honig-Bell the damages, including attorney's fees and costs, that Plaintiff has sustained and will sustain, and any gains, profits, and advantages obtained by Defendant Honig-Bell as a result of its acts of violation alleged above or, at Plaintiff's election, to recover statutory damages, if applicable.  At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained, but will be established according to proof at trial.

### COUNT IV – Breach of Contract

80.     Plaintiff hereby incorporates and realleges paragraphs 1-79 above as though fully stated herein.

81.     There existed a valid and enforceable contract between Plaintiff and Defendant Honig-Bell as embodied in the Limited License included in the invoices attached as Exhibit C hereto.

82.     The Limited License allowed for limited use of the Registered Photographs and the Additional Photographs by Defendant Honig-Bell.  Defendant Honig-Bell used the Registered Photographs and the Additional Photographs outside the scope of the use granted by the Limited License.  In doing so, Defendant Honig-Bell breached the Limited License.

83.     Further, the Limited License precluded Defendant Honig-Bell from transferring or assigning its rights to the Registered Photographs and the Additional Photographs under the Limited License without the prior written consent of Plaintiff.  Plaintiff did not grant Defendant Honig-Bell prior written consent to transfer, or assign its rights to, the Registered Photographs and/or the Additional Photographs, beyond the scope of the Limited License.  Notwithstanding, Defendant Honig-Bell distributed the Registered Photographs and the Additional Photographs to third-parties Zillow, Realtor.com, and/or other third-parties for their unauthorized publication, display, and dissemination of the Registered Photographs and the Additional Photographs beyond the scope of the Limited License.   In so doing, Defendant Honig-Bell breached the Limited License.

84.     As a result of Defendant Honig-Bell's breach of the Limited License, Plaintiff has suffered and continues to suffer financial loss.

85.     Plaintiff is entitled to compensatory damages in an amount equal to financial losses suffered by Plaintiff as a result of Defendant Honig-Bell's breach of the Limited License.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Michael Boatman respectfully asks this Court to enter judgment in Plaintiff's favor and against Defendant Honig-Bell, and against its subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with Defendant Honig-Bell, granting the following relief:

A.      Permanently enjoining and restraining Defendant Honig-Bell, its officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with Defendant Honig-Bell from:

(1)     reproducing, distributing, or displaying the Registered Photographs and the Additional Photographs;

(2)     contributing to or inducing any third-party to reproduce, distribute, or display the Registered Photographs and the Additional Photographs; and

(3)     removing or altering copyright management information, or distributing copyright management information that falsely identifies ownership of the copyright;

B.      Directing Defendant Honig-Bell to:

(1)     Turn over or destroy all copies, including all electronic copies, of the Registered Photographs and the Additional Photographs;

(2)     Pay to Plaintiff all the actual damages he has suffered as a result of the acts of Defendant Honig-Bell complained of herein, together with prejudgment interest;

(3)     Account for and pay to Plaintiff all profits derived by Defendant Honig-Bell from its acts complained of herein, together with prejudgment interest;

(4)     At Plaintiff's election, pay statutory damages based upon Defendant Honig-Bell's acts of infringement and violation of the DMCA complained of herein;

(5)     At Plaintiff's election, pay an increased award for Plaintiff's statutory damages as a result of Defendant Honig-Bell's willfully infringing acts in an amount the court deems appropriate;

(6)     Pay Plaintiff's reasonable attorney's fees and costs in this action; and

C.     Awarding Plaintiff such further relief as this Court deems just and appropriate.

## Jury Demand

Plaintiff demands a trial by jury on all issues presented in this second amended complaint.


                                        Respectfully submitted,


Dated:  December 14, 2017               */s/ Kyle D. Wallenberg*
                                        Matthew G. McAndrews
                                        Kyle D. Wallenberg
                                        NIRO McANDREWS, LLC
                                        200 West Madison Street, Suite 2040
                                        Chicago, IL 60606
                                        (312) 755-8575
                                        Fax: (312) 674-7481
                                        mmcandrews@niro-mcandrews.com
                                        kwallenberg@niro-mcandrews.com

                                        *Attorneys for Plaintiff,*
                                        Michael Boatman

- 30 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 14, 2017 the foregoing

**SECOND AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following counsel of record.

Michael Parks
Anthony Blum
Justin P. Mulligan (IL 265915)
Thomspon Coburn LLP
505 North 7th Street
St. Louis, Missouri 63101
314-552-6000
mparks@thompsoncoburn.com
ablum@thompsoncoburn.com
jmulligan@thompsoncoburn.com

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

*/s/ Kyle D. Wallenberg*
*Attorney for Plaintiff,*
NIRO McANDREWS, LLC